IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**NICOLE HACK**
N1734 South Main St.
Fort Atkinson, WI 53538

        Plaintiff,

vs.

Case No. 17-cv-158

**CROSSING BRIDGES LLC**
c/o Benjamin S. Welter
1333 Adrian Blvd.
Fort Atkinson, WI 53538

        Defendant.

## COMPLAINT

Plaintiff, Nicole Hack, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, Crossing Bridges LLC, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was employed by the Defendant, Crossing Bridges LLC, from 2014 to December 1, 2016. From September 2014 to the end of her employment, Plaintiff worked as a live-in caregiver at Defendant's care facility for developmentally disabled adults. During her employment, Plaintiff was paid a fixed salary of approximately $24,000 per year. Plaintiff regularly worked hours over forty (40) in a workweek without overtime compensation. Plaintiff seeks payment of overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Nicole Hack, is an adult resident of the state of Wisconsin. At all times material to this matter, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e), Wis. Stat. § 103.01(5), and Wis. Stat. § 109.01(1r). Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Crossing Bridges LLC, is a domestic limited liability company with its principal office at 1333 Adrian Boulevard, Fort Atkinson, Wisconsin. Crossing Bridges LLC's registered agent for service is Benjamin S. Welter, N1619 Fairview Lane, Fort Atkinson, Wisconsin.

4. At all times relevant to this Complaint, Crossing Bridges LLC was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

5. At all times relevant to this Complaint, Crossing Bridges LLC has been an institution "engaged in the care of the sick, aged, or mentally ill or defective who reside on the premises of such an institution," and as such is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

8. Defendant employed Plaintiff as a live-in caregiver at Crossing Bridges LLC in Fort Atkinson from September 2014 to December 1, 2016.

9. At no time during her employment with Defendant was Plaintiff exempt from overtime or minimum wage payment under the FLSA or Wisconsin law.

10. During her employment as a live-in caregiver, Defendant paid Plaintiff an annual salary of approximately $24,000.

11. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant and was not provided overtime compensation.

## FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

12. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

13. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

14. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

15. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

16. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

17. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during her employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

18. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

19. The foregoing conduct, as alleged, violates Wis. Stats. §§ 103.03, 109.03, and Wis. Admin. Code § DWD 274.03.

20. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

21. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

22. As a result of Defendant's failure to pay overtime wages earned and due to Plaintiff, it has violated Wis. Stats. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03.

23. Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stats. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03, recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. The overtime wage compensation owed to Plaintiff under Wis. Stats. §§ 103.03 and 109.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

Dated: March 1, 2017.

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff*

By: */s/ David C. Zoeller*
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236